REQUESTED BY: Senator James E. Pappas Nebraska State Legislator 2201 William Avenue North Platte, Nebraska 69101
Dear Senator Pappas:
For the purpose of possible corrective legislation at the next session, you have asked us for an interpretation of LB 796, which amended § 77-2704 to grant exemption from sales and use tax to oxygen sold under a doctor's prescription for aid in human respiration. You ask whether this includes equipment used to produce oxygen, and specifically whether it includes equipment referred to as `concentrators.'
We have checked with medical supply people to find out what a `concentrator' is, and are informed that it is a piece of equipment, usually taken to the home of the patient, which takes oxygen from the air for the use of the patient. In other words, the patient has not bought any oxygen, he has simply bought, or, in most cases, leased, equipment which will produce oxygen.
We believe it is quite clear that such equipment does not qualify for the exemption given by LB 796. It is axiomatic that exemptions from taxation are strictly construed, and that a claimant for an exemption must show that he clearly comes within the terms of the language granting the exemption. Here, no oxygen is being purchased, but only equipment to produce it is involved. It clearly does not qualify.
You expressed your feeling that this was true, and said you believed that only oxygen and its container qualified under LB 796. We express no opinion about whether the exemption extends to the container. As we understand it, in most cases the question will not arise, as title to the container remains in the seller, who replaces the empty cylinders with full ones, and picks up the empty ones.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General